

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2008

# Zhao v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4454

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Zhao v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1115.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1115

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-4454
_____

ZHI CHEN ZHAO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-661-218)
Immigration Judge:  Honorable Eugene Pugliese

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2008
Before: MCKEE, NYGAARD and ROTH, Circuit Judges

(Opinion filed: May 29, 2008)
_____

OPINION
_____

PER CURIAM

     Zhi Chen Zhao, a native and citizen of the People's Republic of China, petitions

for review of a final order of the Board of Immigration Appeals ("BIA").  For the

following reasons, we will deny the petition for review.

Zhao entered the United States without inspection on or about December 23, 2003. He submitted an application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT")[1] on March 11, 2004, claiming that he was persecuted under China's family planning laws. At his October 6, 2004 removal proceedings, Zhao testified that he and his girlfriend violated the family planning policy when his girlfriend became pregnant without obtaining a birth permit, and that in April 2003, his girlfriend was forced to have an abortion at a women's health clinic. Six months later, on October 10, 2003, the police arrested him for violating the birth policy, but he did not assert that he was taken to the police station or detained. Zhao was fined 20,000 RMB for violating the policy, but did not pay, and left for the United States soon thereafter. He testified that he believes he would be jailed and beaten if he returned to China because he was illegally smuggled out of the country. In support of his testimony, he submitted a household registry, a letter from his girlfriend stating that she was forced to have an abortion in April 2003, identification cards, and an abortion certificate.

The Immigration Judge ("IJ") denied Zhao all requested relief. He did not make a credibility determination, but found that Zhao did not meet his burden of proof due to his

---

[1]    United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, 8 U.S.C. § 1231.

"general and meager" testimony. The IJ also made an alternative finding that Zhao could not qualify for relief because he was not married to a woman who was forced to undergo an abortion. See Matter of C-Y-Z-, 21 I. & N. Dec. 915, 919-20 (BIA 1997) (extending the definition of persecution to protect spouses of persons who were forcibly sterilized).

The BIA affirmed the IJ's decision and adopted it "insofar as [the IJ] found that [Zhao] had not qualified for the requested relief." The BIA then agreed that Zhao was ineligible for relief because he "was not legally married to his girlfriend who allegedly had an involuntary abortion, and he did not establish that he offered any other resistance to a coercive population control program." The BIA also determined that Zhao's counsel mistakenly believed that the IJ had made an adverse credibility finding.

Zhao, through counsel, now files a petition for review, which the government opposes.

II.

We have jurisdiction to review a final order of removal of the BIA under 8 U.S.C. § 1252(a)(1). Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). "[W]hen the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ's decision, we have authority to review the decisions of both the IJ and the BIA." Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir. 2004). While the BIA's and IJ's factual findings are reviewed for substantial evidence, we review the legal conclusions de novo, subject to the principles of deference articulated in Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,

3

467 U.S. 837, 844 (1984). <u>Briseno-Flores v. Attorney Gen.</u>, 492 F.3d 226, 228 (3d Cir. 2007).

The focus of Zhao's petition for review is his argument that the IJ made an improper adverse credibility finding based on the vagueness of his testimony. However, as the BIA found, the IJ did not make an adverse credibility finding; rather, he found that Zhao's testimony was too vague to establish his eligibility for relief. Vagueness of an applicant's testimony may be an independent basis for denying a claim irrespective of credibility when the applicant does not identify facts corresponding to each of the elements on which the applicant has the burden of proof. <u>See</u> <u>Chen v. United States Dep't of Justice</u>, 426 F.3d 104, 114 (2d Cir. 2005). In order to find that an applicant failed to sustain his burden of proof due to vagueness, the IJ should probe for details in order to create a record to support that finding. <u>Id.</u> Here, the IJ noted that he would have expected to Zhao to testify about—among other things—how the government officials knew that his girlfriend was pregnant and that he was the father of the unborn child. Even if the IJ should have probed for any missing details, any error in this regard would be meaningless, as the alternate basis for denying Zhao's application is dispositive.

The Immigration and Nationality Act states that a "person who has been forced to abort a pregnancy or to undergo involuntary sterilization" is deemed to have been persecuted based on political opinion. 8 U.S.C. § 1101(a)(42). The BIA has extended this protection to the spouses of persons forced to submit to coercive family planning

4

policies, see Matter of C-Y-Z-, 21 I. & N. 915, 917, 919-20 (BIA 1997), but it has not offered similar protection to unmarried couples. This Court has upheld the BIA's decision not to extend relief beyond spouses. See Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004). Thus, because Zhao does not allege that he is married, and his claim of persecution rests on his girlfriend's abortion—not his own resistence to the family planning policy—the IJ appropriately found that Zhao was ineligible for relief.

Furthermore, Zhao may rightfully fear prosecution if he was illegally smuggled out of China, but such circumstances do not establish a well-founded fear of persecution. See Shardar v. Ashcroft, 382 F.3d 318, 323 (3d Cir. 2004) (noting that a fear of prosecution may constitute grounds for asylum if the prosecution is motivated by one of the five enumerated factors, "and if the punishment under the law is sufficiently serious to constitute persecution"). Finally, because the threshold for asylum is lower than those for withholding of removal and relief under the CAT, Zhao cannot successfully challenge the denial of those claims. Yu v. Attorney Gen., 513 F.3d 346, 349 (3d Cir. 2008).

For these reasons, and after careful consideration of the record and the parties' contentions, we will deny Zhao's petition for review.